# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID L. POLING,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0924** (BOR Appeal No. 2050179)
(Claim No. 2002046529)

**OHIO POWER COMPANY,**
**Employer Below, Respondent**

**FILED**

November 1, 2019

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David L. Poling, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ohio Power Company, by Counsel Henry C. Bowen, filed a timely response.

The issue on appeal is the residual amount of permanent partial disability for bilateral carpal tunnel syndrome and lateral epicondylitis in this claim. The claims administrator granted Mr. Poling a 0% permanent partial disability award for carpal tunnel syndrome on December 18, 2012. The Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and granted Mr. Poling an additional 2% permanent partial disability award for the condition of lateral epicondylitis in an Order dated January 1, 2015. This appeal arises from the Board of Review's Order dated September 20, 2018, in which the Board affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Poling worked more than twenty years as a mechanic for Ohio Power Company. His job involved lifting or carrying heavy equipment. According to Mr. Poling, repetitive motion of both hands resulted in pain, numbness, tingling, and the loss of strength. He was diagnosed with bilateral carpal tunnel syndrome on February 25, 2002. The claims administrator held the claim compensable for the condition of carpal tunnel syndrome on March 28, 2002.

1

Mr. Poling underwent carpal tunnel release at Wheeling Hospital on October 1, 2002. He was evaluated by Jack S. Koay, M.D., on March 11, 2003. Dr. Koay's impression of Mr. Poling's condition was status post bilateral carpal tunnel release with some mild residual clinical problems, including weakness along the two point discrimination along the median nerve distribution and scar formation on both palms. Dr. Koay found Mr. Poling to be at his maximum degree of medical improvement and recommended a permanent partial disability rating of 6% for each hand for a total of 12%. By Order of the claims administrator, Mr. Poling was granted a 12% award on March 25, 2003. Mr. Poling continued to have issues following surgery.

Although Mr. Poling had successful carpal tunnel release surgery, his symptoms gradually returned. He was experiencing nocturnal numbness and numbness in his last three fingers. A 2006 EMG found epicondylitis with the left epicondylitis greater than the right. On March 21, 2006, the claims administrator updated the compensable conditions in the claim to include lateral epicondylitis.

An independent medical evaluation was conducted by ChuanFang Jin, M.D., on November 28, 2012, to evaluate Mr. Poling for a subsequent lumbar strain injury. During the examination, Mr. Poling complained of back pain, as well as numbness in his hands and fingers due to carpal tunnel syndrome. In her clinical impression, Dr. Jin noted Mr. Poling's history of bilateral carpal tunnel syndrome release, and found clinical evidence of medial epicondylitis and ulnar neuropathy based on his examination. Dr. Jin questioned whether his epicondylitis and carpal tunnel syndrome is causally related to his employment. Dr. Jin concluded that Mr. Poling has 1% whole person impairment attributable to carpal tunnel syndrome. Because he received a prior 12% award for bilateral carpal tunnel syndrome, Dr. Jin stated that no additional impairment is indicated or warranted. Regarding epicondylitis, Dr. Jin did not find medical evidence to support permanent impairment for bilateral epicondylitis. By Order of the claims administrator dated December 18, 2012, Mr. Poling was granted 0% permanent partial disability based on the November 28, 2012, report of Dr. Jin. Mr. Poling protested the claims administrator's decision.

Mr. Poling was referred to Bruce A. Guberman, M.D., for an independent medical evaluation. On October 10, 2013, Dr. Guberman reported that Mr. Poling's chief complaint was for his carpal tunnel syndrome and lateral epicondylitis. Dr. Guberman concluded that Mr. Poling had 13% impairment of the whole person for his right carpal tunnel syndrome and right lateral epicondylitis. He found 10% impairment of the whole person for Mr. Poling's left carpal tunnel syndrome and left lateral epicondylitis. Utilizing the combined values chart, he arrived at a total of 22% whole person impairment as a result of bilateral carpal tunnel syndrome and bilateral epicondylitis. Because he was previously granted a 12% permanent partial disability award, Dr. Guberman found a total of 10% impairment for the left arm aspect of the injury, including the left carpal tunnel syndrome and left lateral epicondylitis.

By Order dated January 7, 2015, the Office of Judges reversed the December 18, 2012, claims administrator's Order. The Office of Judges awarded 0% permanent partial disability for epicondylitis and granted Mr. Poling an additional 2% permanent partial disability based on the findings of Dr. Guberman. Because the claim was not reopened on the theory of progression or

2

aggravation of Mr. Poling's carpal tunnel syndrome, the Office of Judges did not consider Dr. Guberman's recommendation for an additional award. The Office of Judges stated that carpal tunnel syndrome impairment is to be determined by first applying the criteria of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), and then adjusting that to the impairment ranges found in the West Virginia Code of State Rules § 85-20-64.5 (2006),[1] which establishes a range of awards for impairment due to carpal tunnel syndrome as 0% - 6% for each affected hand. Any impairment rating in excess of 6% will be reduced to 6% under § 85-20-64.5. Mr. Poling appealed to the Board of Review.

In an Order dated September 20, 2018, the Board of Review found that even if the issue of permanent partial disability being protested includes bilateral carpal tunnel syndrome, the evidence does not support an additional permanent partial disability award for carpal tunnel syndrome. The Board of Review noted that Mr. Poling had been awarded 12% impairment for carpal tunnel syndrome (6% for each hand) on March 25, 2003. Because Mr. Poling had been awarded the maximum amount of permanent partial disability impairment allowed under West Virginia Code of State Rules § 85-20-64.5, the Board of Review reasoned that he is not entitled to an additional 8% permanent partial disability award for bilateral carpal tunnel syndrome. The Board of Review did not err in concluding that Mr. Poling failed to establish that he is entitled to an additional award for his bilateral carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1]In *Davies v. West Virginia Office of the Ins. Com'r*, 227 W. Va. 330, 708 S.E.2d 524 (2011), this Court held that West Virginia Code of State Rules § 85-20-64.5 was invalid as it applied to Table 16 of the American Medical Association's, *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993). However, in *Dingess v. West Virginia Office of Insurance Commissioner*, No. 35662, 2012 WL 6050571 (W. Va. Dec. 5, 2012) (memorandum decision), the Court approved of impairment ratings calculated using Tables 11, 12, and 15, which were then modified to fit within the impairment range of impairment found in § 85-20-64.5. Dr. Guberman reported using Tables 11, 12, and 15 to rate carpal tunnel syndrome.